UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMEDHEN BIGUE,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2895

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.11–15, 21.)

In an order entered on October 14, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the

April 22, 2026, bond hearing on October 19, 2026. (Resp., ECF No. 5; Recording of Apr. 22, 2026, Bond Hearing, filed on Oct. 19, 2026.) Petitioner filed his reply on October 22, 2026. (ECF No. 6).

**II. Relevant Factual Background**

Petitioner is a citizen of Mauritania who entered the United States in 2023. Notice to Appear (NTA), *Bigue v. Raycraft et al. (Bigue I)*, No. 1:26-cv-0241 (W.D. Mich.) (ECF No. 4-1, PageID.62.) On October 22, 2025, ICE agents encountered and detained petitioner. Pet., *Bigue I*, (W.D. Mich. Jan. 22, 2026), (ECF No. 1, PageID.1.)

On January 22, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Bigue 1*, No. 1:26-cv-0241 (W.D. Mich.). In *Bigue I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Bigue I*, (W.D. Mich. Feb. 13, 2026), (ECF Nos. 8, 9).

On February 20, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Op., *Bigue v. Raycraft et al. (Bigue II)*, 1:26-cv-1057 (W.D. Mich. Apr. 15, 2026), (ECF No. 8, PageID.169.) In *Bigue II,* the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing "at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days. . . or, in the alternative, immediately release Petitioner from custody." (*Id.* at 4.)

On April 22, 2026, Petitioner received another bond hearing pursuant to § 1226(a). (Resp., ECF No. 5, PageID.57.) At the conclusion of the April 22, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating "DHS has met their burden to

establish that [Petitioner] presents a significant flight risk." (Immigration Judge Order, ECF No. 1-2, PageID.30.)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on April 22, 2026. Specifically, Petitioner argues that the Immigration Judge stated the incorrect burden on the record. (Pet. ECF No. 1, PageID.6.); *see Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. (*See* Recording of Apr. 22, 2026, Bond Hearing, at 13:00–13:10, 15:20–15:30, 28:10–28:30, 48:00–48:08, filed on Oct. 19, 2026 (in which the Immigration Judge corrected himself and went on to state that the burden was on the Government numerous times throughout the proceeding.)) Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 26, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge